E-FILED
Monday, 25 August, 2014 03:34:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERTO LAUREANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 14-CV-2144 |
| ) | |
| OFFICER LARRY DOE, et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW OPINION

JAMES E. SHADID, U.S. District Judge.

Plaintiff proceeds pro se from his detention as a federal pretrial detainee in the Jerome Coombs Detention Center. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that, on January 4, 2011, he fell out of a prisoner transport van while exiting the van, suffering severe injuries which required, or still require, "an impressive amount of surgical and corrective operation procedures." (Complaint para. 5.) He had no way to break his fall, since he was handcuffed and in leg

irons.  Plaintiff alleges that the medical staff at the Jail kept telling him that he was fine, but he learned in July 2011 that he needed two surgeries, one for his throat and one for his back.  He alleges that ever since the accident to the present time the medical staff at the Jail have not provided him with needed diagnosis, treatment, and pain medicine.  Whether Plaintiff has received the surgeries is unclear, as is his current condition.

Because Plaintiff is a detainee, the Fourteenth Amendment governs his claim, not the Eighth Amendment, but there is no practical difference between the legal standards on a claim for lack of medical care. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 301 n.2 (7th Cir. 2010); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).  Plaintiff must show "(1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." *Chapman*, 241 F.3d at 845.

At this point a constitutional claim for lack of medical care against the medical staff at the Jail cannot be ruled out.  The Defendants who are alleged to be part of the medical staff at the Jail are Nurses Heather, Sharee, Nicole, Tom, Matt, and Dawn.  Serving

these people without last names may be difficult, but the Clerk will try. Plaintiff is advised that often the nurses cannot be held liable if they were required to follow the doctor's orders, but no Jail doctors are named as Defendants. If Plaintiff wants to add Jail doctors as Defendants, then he should file a motion to amend listing the doctors' names.

No constitutional claim is stated against the hospitals or private doctors. The Constitution generally applies to government employees, not to employees working for private businesses. *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010)(Section 1983 applies to constitutional violations by a person acting "under color of state law."). Private actors might be treated as government actors under certain circumstances, such as when the private actors voluntarily assume the government's duty to provide care, but no plausible inference arises of that at this point. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009)(voluntary assumption by private party of state's responsibility to provide medical care to inmates renders private party a state actor). The following private actors will be dismissed without prejudice:

Riverside Hospital, St. Mary's Hospital, Dr. Charles Harvey, Oak Orthopedic Clinic, and Dr. Eddie Jones.

As to the malpractice claim Plaintiff pursues, this claim is based on state law, which means that Plaintiff must attach a physician's report finding that his malpractice claim has arguable merit. Since Plaintiff has not yet attached the required report, his malpractice claim will be dismissed without prejudice. 735 ILCS 5/2-622(a); <u>Hahn v. Walsh</u>, --- F.3d ---, 2014 WL 3906501 (7th Cir. 2014).

The claim against the unidentified officers who transported Plaintiff will also be dismissed. Whether the transporting officers were federal or state employees is not clear, but either way no plausible inference arises that the officers were aware of any substantial risk of serious harm to Plaintiff by keeping him shackled as he exited the van. *See Smith v. Sangamon County Sheriff's Dep't.,* 715 F.3d 188 (7th Cir. 2013)("'A finding of deliberate indifference requires a showing that the [defendant] was aware of a substantial risk of serious injury to [the plaintiff] but nevertheless failed to take appropriate steps to protect him from a known danger.'")(quoted cite omitted)(bracketed material in original).

Negligence is not actionable under the U.S. Constitution.[1]  *Id.* Additionally, these officers' conduct occurred more than three years ago, so any claim would clearly be barred by the two-year statute of limitations.  *See* <u>Walker v. Thompson</u>, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

**IT IS THEREFORE ORDERED:**

1)	Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical needs against the following Defendants:  Nurses Heather, Sharee, Nicole, Tom, Matt, and Dawn.

2)	Plaintiff's malpractice claims are dismissed, without prejudice to refiling with the documents required by 735 ILCS 5/2-622(a).

---

[1] If the transporting officers were federal employees, Plaintiff might be able to pursue a negligence claim against them under the Federal Tort Claims Act, but Plaintiff would first have to exhaust his administrative remedies under that Act.

3) The following Defendants are dismissed without prejudice: Larry Doe and John Doe (transporting officers); Riverside and St. Mary's Hospital; Dr. Charles Harvey; Oak Orthopedic Clinic; and Dr. Eddie Jones.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiffs, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will

automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that he has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    10)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this case, with prejudice.

    11)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S.

Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) **The clerk is directed to attempt service on the remaining Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:

FOR THE COURT:

                                 **s/James E. Shadid**
                                 JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE